UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN



MICHAEL J. BELLEAU
    Plaintiff(s),

v.

KEVIN C. GREENE
    Denfenant(s),

Case No. 12-C-1198

## Motion for Summary of Judgement - F.R.Civ.P.56(c).

   The movant now brings a showing of the fact's that will support his claim for 'Summary of Judgement', and that no factual issues remain to be tried and a cause of action or all causes of action in a complaint can be dsecided upon certain fact's <u>with out</u> a trial.

   On July 2ed,2010 a court order was signed by his Hon. Kendell Kelly, Branch IV, Br. County, Green Bay Wis. (Filed, July 06,2010) with an effective date of July 7,2010, wherein it read's "Based upon the stipulation of the parites" the Court ,Dr. Richard Elwood and the State" the Respondent does not meet the criteria for'Supervised Release."And that the "Court finds <u>insufficient grounds</u> to believe the Respondent is still a sexually person."This court order is a "Legal Release" from confinement, custody,or care to<discharge a patient>.Therefore, a release from any futher obligation under Chapter 980.

   The fact's in law, thought out this hearing went <u>'Undisputed'</u>. As found in the transcrips, drafted and signed by A.D.A. Kevin C. Green, the folowing statement's wereplaced upon the face of the 'Record', first, Dr. Elwood " but due to the statutory scheme,the respondent does not the criteria for Supervised Release']"and second, by the State,"the State cannot meet its burden to demonstrate that the Respondent remaines a sexually violent person by clear and convinceing evidence"and futher stated "the State has no choice but to concede Discharge for the Respondent and release him to the community with no supervision."

   But,on the very morning of July 7th,2010,wherein he was acting under the Color of the Law when he made 'spical arrangments' and complance for set-up Electronic Serveillance which is a from of being monitored and /or "Supervised Release".

   The petitioner is of the contention and believe that the'State's intent was and still is nothing more then a search for new evidence of crime, once more being used as a method or means of predicting the future.

At that precise moment in time, his actions did came into play under the Bill Of Rights which guards against unreasonable searches and seizures.Therefore, along with requiring a warrant, supported by probable cause, >U.S. v Jones,Case # 10-1259, JAN.23,2009.the Supreme Court ruled unanimously ,five to four, that warrantless GPS Electronic Serveillance tracking is a violation of the Respondent's Fourth Amendment right and that it is a violation of reasonable expectation of privacy.

After a dilagent search of the court records, Brown County, with the assistance of the county recored's office,no warrant with proable cause could be found.The State,then and now, lack's athourity, it was done in an abuse of his official power,can't be exercised Perhaps the State is relying >Griffin v Wis.Suprem Court, Case # 86-5324,(i.e.) D.O.C. Penology; the conditional release of a person from prison prior to the end of the maximum sentence imposed. By the Dept. Corrections.  The D.H.F.S.will only grants supervised release or Discharge.

Once more, a violation and abuse of power,when the Dept.of Commuinty Correction was given a direct order by the D.A.s office's to comply, by applying a GPS unit to an individual person. It's a violation of the Eighth Amendment to the United States Constitution, as found in the Bill of Rights prohibiting the 'State' government from imposing excessive cruel and unusual punishments.

The U.S. Supreme Court has ruled that this amendment, Cruel and Unusual Punishment Clause. Therefore it does fall well within the scope of the Fourth Amendment,as it applies to the states by way of the Due Process Clause of the Fourteenth Amendment.

Relief sought , that the motion for summary of judgment be granted, based on the documented evidence presented in both Exhibit's.The issue's being 'Stipulation', to the fact's in law. And that they went 'undisputed'. Also that it's supported by Constitutional Law.

Further,that all record's at State and Federal levels, that require identity of the individual's, characteristics by which a person is recognized or known. Should be <u>'Expunged'</u> !

Relief from GPS life time tracking (Wis. Act 431-requiring certian seriouse sex offenders). When a Court finds insufficient grounds to believe the Respondent is still a sexually violent person. More so when an individual <u>no longer has an obilgation</u> to a State Statue.

Respectfully ;

*Michael J. Belleau* (signature)

Michael J. Belleau
Dated this 29 day of Nov. 2012.

Cc: Fed. Dist. Court
    A.D.A. K.C. Greene
    File MJB

| STATE OF WISCONSIN | CIRCUIT COURT | BROWN COUNTY |
|---|---|---|
| | BRANCH IV | |

In re the Commitment of Michael Belleau:

STATE OF WISCONSIN,
                Petitioner,

v.

                              Case No. 2003CI002

MICHAEL BELLEAU,
                Respondent.

**ORDER FOR DISCHARGE**

FILED JUL 06 2010
CLERK OF COURTS
BROWN COUNTY, WI

Based upon the stipulation of the parties and the report of Dr. Richard Elwood, the Court hereby finds insufficient grounds to believe the Respondent is still a sexually violent person. The Court further finds, that while Supervised Release may be preferable, the Respondent does not meet the criteria for Supervised Release.

Therefore the Court order as follows:

### ORDER

The Court hereby Orders that the Respondent shall be discharged from his Commitment under Chapter 980 Wis. Stats effective July 7, 2010.

Dated this 2nd day of July, 2010

Hon. Kendall Kelley
Circuit Court Judge, Branch IV
Brown County

STATE OF WISCONSIN          CIRCUIT COURT          BROWN COUNTY
                            BRANCH IV

In re the Commitment of Michael Belleau:

STATE OF WISCONSIN,
                    Petitioner,

v.                                        Case No. 2003CI002

MICHAEL BELLEAU,
                    Respondent.

                                          FILED
                                          JUL 06 2010

**STATE'S STIPULATION FOR DISCHARGE**       CLERK OF COURTS
                                            BROWN COUNTY, WI

It is hereby stipulated by, the State of Wisconsin by Assistant District Attorney Kevin C. Greene, that the State cannot meet its burden to demonstrate that the Respondent remains a sexually violent person by clear and convincing evidence at this time as required by Wis. Stat. §980.09.

The State would agree that Supervised Release would be more appropriate at this time than having the Respondent discharge with no supervision or assistance in adjusting to the community. However, because of the statutory language requiring "significant progress in treatment" in §980.08, the option for Supervised Release has been taken away. As Dr. Elwood noted, Supervised Release would likely be of assistance to all parties, but due to the statutory scheme, the Respondent does not meet the criteria for Supervised Release. The State, then, does not have the ability in this case to argue for Supervised Release as an alternative to discharge based upon the current criteria in §980.08 and §980.09. Because the State cannot meet its burden regarding discharge §980.09, and is statutorily barred from arguing for Supervised Release as a lesser option, the State has no choice but to concede Discharge for the Respondent and release him to the community with no supervision.

**Therefore**:

Case 1:12-cv-01198-WCG   Filed 11/30/12   Page 4 of 5   Document 6

[ Exhibit 2 ]

The State agrees that the respondent should be discharged from commitment under this case. Due to the timing of the Holiday weekend and the need to arrange GPS monitoring, set-up and compliance, the State asks that the Discharge be effective July 7, 2010.

Date this 2nd day of July, 2010

Kevin C. Greene
Assistant District Attorney