UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL J. BELLEAU,

                    Plaintiff,

        v.                                                          Case No. 12-C-1198

KEVIN C. GREENE,

                    Defendant.

**ORDER DENYING REQUEST FOR DEFAULT**

        Plaintiff Michael J. Belleau filed an action on November 27, 2012. Plaintiff previously filed

two motions for summary judgment, which the court denied due to the fact that the defendant had

not been served with a copy of the summons and complaint and the motions were premature.

Plaintiff has now filed a letter asserting that the defendant is in default. (ECF No. 12.) This is

incorrect. As the court stated in its previous order of February 7, 2013, although "the defendant may

have received the service packet that [Belleau] was provided, the defendant has not filed the waiver

of personal service." (ECF No. 11.) Absent evidence that the defendant has been personally served

with the summons and complaint, or waived service, the fact that he has not yet filed a response

does not constitute grounds for default.

        Under Rule 4(c), the "plaintiff is responsible for having the summons and complaint served

on the defendant within the time allowed by Rule 4(m) and must furnish the necessary copies to the

person who makes service." Fed. R. Civ. P. 4(c). Under Rule 4(m), the plaintiff has 120 days in

which to serve Defendant after the complaint is filed. Plaintiff filed his complaint on November

27, 2012, giving him until March 28, 2013, to serve the defendant with the summons and complaint.

Personal service of the summons and complaint on the defendant must be made by a person not a party who is at least 18 years old. Fed. R. Civ. P. 4(c)(2). Once service has been completed, proof of service in the form of the server's affidavit must be filed with the court. Fed. R. Civ. P. 4(l)(1).

Rather than personally serving the defendant, the Federal Rules of Civil Procedure also allow a plaintiff to "notify such a defendant that an action has been commenced and request that the defendant waive service of summons" and avoid the costs of personal service. Fed. R. Civ. P. 4(d)(1). The incentive for a defendant to waive service is that he will be allowed 60 days after the request for waiver was sent in which to file a response. Fed. R. Civ. P. 4(d)(3). If the defendant fails without good cause to file a waiver of service within the time allowed, he may be required by the court to pay the plaintiff's costs incurred for effecting necessary service. Fed. R. Civ. P. 4(d)(2).

From the record, it appears that Plaintiff may have attempted to obtain a waiver of service from the defendant. However, a defendant is not obligated to waive service, and so far the defendant has not filed such a waiver with the court. Once Plaintiff serves a copy of the summons and complaint on the defendant in compliance with Rule 4, or alternatively once the defendant agrees to waive service, only then will the defendant be obligated to file a response under Rule 12 of the Federal Rules of Civil Procedure. If the defendant fails to respond to the complaint after he is properly served, Plaintiff may then seek a default judgment. As of now, the record fails to show service, waiver of service, or a failure to file a timely response. Accordingly, Plaintiff's request for default is denied.

Dated this ___15th___ day of February, 2013.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court

2