IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

MICHAEL J. BELLEAU,

    Plaintiff,

v.                                     Case No. 12-C-1198

KEVIN C. GREENE,

    Defendant.

BRIEF IN SUPPORT OF MOTION TO DISMISS

## STATEMENT OF THE CASE

On November 27, 2012, plaintiff Michael J. Belleau filed this action under 42 U.S.C. § 1983, alleging that the defendant, Brown County (Wisconsin) District Attorney Kevin C. Greene, violated his constitutional rights by ordering that he be fitted with a GPS tracking device upon his discharge from commitment under Wis. Stat. ch. 980 (Document 1). Belleau had petitioned the Brown County Circuit Court to terminate the tracking because the tracking was imposed without a court order, but the Circuit Court decided on March 30, 2012, that a specific court order was not required for the tracking and denied the petition. *See* Affidavit of David C. Rice, ¶ 2, Ex. A. Belleau never appealed from the Decision and Order of the Circuit Court. *See id.* at ¶ 3.

On November 30, 2012, Belleau moved for summary judgment (Document 6). On January 9, 2013, this court filed an Order denying the summary judgment motion as "clearly premature" because Defendant Greene had not yet been served with a copy of the summons and complaint. In the Order, this court explained in pertinent part:

> The Federal Rules of Civil Procedure explain that **the plaintiff is responsible for having a summons and complaint served on the defendant within 120 days of filing the complaint with the court**. Fed. R. Civ. P. 4(c)(1), (m). **Service must be made by a person who is** at least 18 years old and **not a party**. Fed. R. Civ. P. 4(c)(2). A plaintiff may request that the court order service be made on the defendant by the U.S. Marshall's Service. Fed. R. Civ. P. 4(c)(3). Belleau is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(b). . . . **Belleau is directed to have the summons and complaint served on defendant if he wishes to proceed with his case. Failure to do so within 120 days of filing of his complaint could result in dismissal of failure to prosecute**. Fed. R. Civ. P. 4(m).

(Document 8) (bold added).

On February 6, 2013, Belleau filed a motion for "no evidence" which was in essence a renewed motion for summary judgment (Documents 9-10). On February 7, 2013, this court filed an Order denying the motion for the following reasons:

> The defendant has not filed an appearance or a response to the complaint. Although Belleau has attached a U.S. Postal Service document suggesting that the defendant may have received the service packet that he was provided, the defendant has not filed the waiver of personal service and, in any event, the time to respond has not yet expired. Until defendant actually files a response or the time in which to do so expires, Belleau is not entitled to the relief he seeks. . . .

(Document 11).

On February 14, 2013, Belleau filed a letter with the court which was in essence a request for a default judgment (Document 12). On February 15, 2013, this court filed an Order denying the request (Document 13). In the Order, this court explained in pertinent part:

> . . . As the court stated in its previous order of February 7, 2013, although "the defendant may have received the service packet that [Belleau] was provided, the defendant has not filed the waiver of personal service." [ECF No. 11). Absent evidence that the defendant has been personally served with the summons and complaint, or waived service, the fact that he has not yet filed a response does not constitute grounds for default.

> **Under Rule 4(c), the "plaintiff is responsible for having the summons and complaint served on the defendant within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service."** Fed. R. Civ. P. 4(c). **Under Rule 4(m), the plaintiff has 120 days in which to serve Defendant after the complaint is filed. Plaintiff filed his complaint on November 27, 2012, giving him until March 28, 2013, to serve the defendant with the summons and complaint. Personal service of the summons and complaint on the defendant must be made by a person not a party who is at least 18 years old. Fed. R. Civ. P. 4(c)(2).** Once service has been completed, proof of service in the form of the server's affidavit must be filed with the court. Fed. R. Civ. P. 4(a)(l)(l).
>
> . . . .
>
> From the record, it appears that Plaintiff may have attempted to obtain a waiver of service from the defendant. However, a defendant is not obligated to waive service, and so far the defendant has not filed such a waiver with the court. **Once Plaintiff serves a copy of the summons and complaint on the defendant in compliance with Rule 4**, or alternatively once the defendant agrees to waive service, only then will the defendant be obligated to file a response under Rule 12 of the Federal Rules of Civil Procedure. If the defendant fails to respond to the complaint after he is properly served, Plaintiff may then seek a default judgment. As of now, the record fails to show service, waiver of service, or a failure to file a timely response. Accordingly, the Plaintiff's request for default is denied.

(Document 13) (bold added).

On February 27, 2013, Belleau filed a motion for an order compelling disclosure or discovery because Defendant Greene failed to respond to an interrogatory (Document 14). On February 28, 2013, this court filed an order denying the motion and stating in pertinent part: "This is an additional motion in a series of motions plaintiff has filed without yet obtaining service on the defendant. Discovery will not be allowed until the plaintiff obtains service on the defendant and the defendant files a response or defaults. Accordingly, the motion is premature . . . ." (Document 15).

On March 4, 2013, Belleau filed a Proof of Service in which he checked a box indicating that **he** served the summons and complaint on an unidentified individual who was designated by law to accept service on behalf of an unnamed organization (Document 16). Belleau did not

- 3 -
Case 1:12-cv-01198-WCG   Filed 03/29/13   Page 3 of 7   Document 18

check either of the boxes indicating that he personally served Defendant Greene or that he left the summons and complaint at Defendant Greene's residence or usual place of abode with a person of suitable age and discretion who resides there (Document 16). The proof of service bears a "Received" stamp from the Brown County District Attorney Office (Document 16).

Defendant Greene now moves the court for an order dismissing this action on the grounds of insufficiency of service of process and lack of personal jurisdiction, failure to serve a copy of the summons and complaint on the defendant within 120 days after the complaint was filed, the issue preclusion doctrine, and the *Rooker-Feldman* doctrine. Defendant Greene respectfully submits this brief in support of the motion.

## ARGUMENT

I. THIS ACTION MUST BE DISMISSED ON THE GROUNDS OF INSUFFICIENCY OF SERVICE OF PROCESS, LACK OF PERSONAL JURISDICTION, AND FAILURE TO SERVE THE SUMMONS AND COMPLAINT ON DEFENDANT GREENE WITHIN 120 DAYS AFTER THE COMPLAINT WAS FILED.

A plaintiff in a federal civil action is responsible for serving the summons and complaint on the defendant within 120 days after the complaint is filed. *See* Fed. R. Civ. P. 4(c)(1) and (m). Any person who is 18 years old and who is **not a party** may serve the summons and complaint. *See* Fed. R. Civ. P. 4(c)(2). The summons and complaint may be served by "(A) delivering a copy of the summons and complaint to the individual personally, (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." *See* Fed. R. Civ. P. 4(e)(2). Serving the summons and complaint establishes personal jurisdiction over a defendant who is subject to the jurisdiction of a

court of general jurisdiction in the state where the district court is located. *See* Fed. R. Civ. P. 4(k).

In this case, the summons and complaint were not properly served upon Defendant Greene within 120 days after Belleau's complaint was filed. Belleau filed proof of service stating that **he** served the summons and complaint. Such service was not proper because Belleau is a **party** to this action. In addition, such service was not proper because the summons and complaint were not personally served upon Defendant Greene or left at his residence or usual place of abode with someone of suitable age and discretion who resides there. Although Belleau claims that he delivered the summons and complaint to an agent authorized by appointment or by law to receive service of process on behalf of Defendant Greene, Belleau fails to identify that agent and fails to establish that the agent was appointed or authorized by law to receive service of process on behalf of Defendant Greene. The fact that the proof of service bears a "Received" stamp from the Brown County District Attorney Office does not establish authorization to receive proof of service on behalf of Defendant Greene as an individual defendant.

Since the summons and complaint were not properly served upon Defendant Greene within 120 days after Belleau's complaint was filed, Defendant Greene respectfully requests that the court dismiss this action against him. Although the court may extend the time for service if Belleau shows good cause for his failure to serve the summons and complaint within the 120-day period, *see* Fed. R. Civ. P. 4(m), Belleau does not have good cause. This is because this court twice informed Belleau that it was his responsibility to serve the summons and complaint on Defendant Greene, that he had only 120 days to serve the summons and complaint, that a **party** to the action could not serve the summons and complaint, and that if the summons and complaint were not served within 120 days, his complaint could be dismissed for failure to prosecute.

## II. THIS ACTION IS BARRED BY THE DOCTRINE OF ISSUE PRECLUSION AND BY THE *ROOKER-FELDMAN* DOCTRINE.

The doctrine of issue preclusion bars re-litigation of a factual issue or legal issue that actually was litigated and decided in an earlier action. *See Virnich v. Vorwald*, 664 F.3d 206, 215-217 (7th Cir. 2012); *Kaprelian v. Bowers*, 460 Fed. Appx. 597, 599-600 (7th Cir. 2012). Issue preclusion is applied as a matter of equitable discretion and fundamental fairness. *See id*. For example, in *Kaprelian*, a state criminal court's ruling on a suppression motion, that Kaprelian's property was not unconstitutionally seized, precluded his § 1983 claim in federal district court that the defendant police officers unconstitutionally seized his property. *See Kaprelian*, 460 Fed. Appx. at 599-600.

The *Rooker-Feldman* doctrine, derived from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), precludes federal district courts from exercising jurisdiction to review state court decisions directly or to review claims that are "inextricably intertwined" with a state court's judgment. *See Kansas City Southern Railway Co. v. Koeller*, 653 F.3d 496, 503 (7th Cir. 2011). The *Rooker-Feldman* doctrine "is confined to . . . cases brought by state-court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *See Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005). The United States Supreme Court is the only federal court with the power to reverse or modify judgments of state courts; the lower federal courts lack appellate jurisdiction over state courts. *See Sherrod v. Birnbaum*, 457 Fed. Appx. 573, 575 (7th Cir. 2012).

On March 30, 2012, before this action was filed, the Brown County Circuit Court filed a Decision and Order in which the state court determined that an individual like Belleau, who is discharged from a Chapter 980 civil commitment, may be placed on lifetime tracking without a court order. *See* Affidavit of Rice, ¶ 2, Ex. A. In this action, Belleau's Fourth Amendment and Fourteenth Amendment allegations against Defendant Greene depend on his claim that it was unlawful for Defendant Greene to have him fitted with a tracking device without a prior court order. Consequently, because Belleau is seeking to re-litigate or to have this court review a contrary state court decision and order, this action is barred by the doctrine of issue preclusion and the *Rooker-Feldman* doctrine – even if Belleau properly had served his summons and complaint on time.

## CONCLUSION

Defendant Greene respectfully requests that the court grant his motion and enter judgment dismissing this action.

Dated at Madison, Wisconsin, this 29th day of March, 2013.

> J.B. VAN HOLLEN
> Attorney General
>
> s/ David C. Rice
> DAVID C. RICE
> State Bar # 1014323
> Assistant Attorney General
> Wisconsin Department of Justice
> Attorneys for Kevin C. Greene
> Post Office Box 7857
> Madison, Wisconsin 53707-7857
> Telephone: (608) 266-6823
> Fax: 608-267-8906
> E-Mail: **ricedc@doj.state.wi.us**