UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

**MICHAEL J. BELLEAU,**
    **Plaintiff,**

v.                                                  Case No. 12-CV-1198 (WCG)

**EDWARD F. WALL, et al.,**
    **Defendants.**

## JOINT RULE 26(f) REPORT AND DISCOVERY PLAN

The Parties to the above-captioned matter, by their undersigned counsel, hereby submit this Joint Report and Discovery Plan pursuant to Fed. R. Civ. P. 26(f), Civ. L.R. 16(a) and this Court's Notice of Rule 16(b) Scheduling Conference. [Dkt. 39.] The Parties conferred on January 16, 2014.

    **1.**     **Brief Statement of the Nature of the Case**

Plaintiff Michael Belleau seeks declaratory and injunctive relief against Defendants' enforcement against him of Wis. Stat. § 301.48, which requires, *inter alia*, that he wear a global positioning system ("GPS") tracking device for the rest of his life because of sex offenses he committed in the late 1980s and for which he has completed his duly imposed sentences. Plaintiff contends that lifetime GPS tracking and its attendant intrusions and burdens violate the Ex Post Facto Clause of U.S. Const., art. I, sec. 10, the Fourth Amendment's prohibition on unreasonable searches and seizures, and the Equal Protection and Due Process Clauses of the Fourteenth Amendment. The Defendants deny that the GPS scheme is unlawful.

1

## 2. Joinder of Parties and Amendment of Pleadings

The parties do not anticipate adding parties or otherwise amending the pleadings at this time. However, the parties reserve the right to seek leave to amend pursuant to Fed. R. Civ. P. 15(a)(2). Plaintiffs may consider adding defendants after third party discovery.

## 3. Nature of and Timeline for Discovery

Counsel for the parties have advised their clients of their duty to preserve potentially relevant evidence.

The Parties agree that the initial disclosures required by Rule 26(a)(1) shall be exchanged on or before February 28, 2014.

The Parties expect to conduct written discovery, including requests to admit, interrogatories, and requests for production of documents and things, including electronically stored information, and to depose witnesses. Plaintiffs also anticipate conducting limited discovery from third parties, including private vendors of GPS equipment and services to the Department of Corrections.

The Parties agree that each party may propound up to 40 interrogatories to the other, but that all other limitations on discovery in the Federal Rules of Civil Procedure shall apply.

The Parties anticipate that some private medical information may be subject to discovery requests and agree to cooperate in preparing a proposed protective order to limit disclosure of such materials.

The Parties agree to cooperate in the narrowing of requests for electronically stored information to avoid unnecessary burden and expense to the producing party. Electronically

2

stored information will be produced in portable document format (pdf), unless production in such format is impracticable, in which case the parties will cooperate in facilitating disclosure in an alternative readable format.

The parties agree that the procedures set forth in Fed. R. Civ. P. 26(b)(5) shall govern when a party claims that information inadvertently produced in discovery is subject to a claim of privilege or work product or trial preparation protection.

The Parties anticipate the possibility of expert testimony and propose the following expert disclosure schedule:

- Plaintiffs' Expert Disclosures shall be due July 15, 2014;
- Defendant's Expert Disclosures shall be due August 15, 2014;
- Plaintiffs' Rebuttal Expert Disclosures, if any, shall be due September 15, 2014.

The form and content of expert disclosures shall conform to Fed. R. Civ. P. 26(a)(2).

The parties agree that discovery shall close October 15, 2014.

**4.     Anticipated Pretrial Motions**

The parties anticipate filing motions for summary judgment and propose that such motions be due on or before December 15, 2014. Briefs in opposition to any dispositive motions would be due January 30, 2015, and reply briefs would be due February 16, 2015.

**5.     Possibility of Settlement**

At this time, the parties do not believe that settlement is possible because plaintiff contends that a state statute is unconstitutional. Accordingly, mediation would not likely be productive. However, the parties will remain open to settlement as the case proceeds.

Dated this 22nd day of January, 2014.

        Respectfully submitted,

        /s Laurence J. Dupuis
        LAURENCE J. DUPUIS
        State Bar No. 1029261
        American Civil Liberties Union of Wisconsin Foundation
        207 East Buffalo Street, Suite 325
        Milwaukee, WI 53202
        (414) 272-4032
        (414) 272-0182 (fax)
        ldupuis@aclu-wi.org

        JAMES A. WALRATH
        State Bar No. 1012151
        Law Offices of James A. Walrath, LLC
        324 E. Wisconsin Avenue, Suite 1410
        Milwaukee, WI 53202
        (414) 202-2300
        (866) 507-8858 (fax)
        jw@jaw-law.com

        Attorneys for Plaintiff.

        /s Anthony D. Russomanno
        ABIGAIL C. S. POTTS
        Assistant Attorney General
        State Bar No. 1060762

        ANTHONY D. RUSSOMANNO
        Assistant Attorney General
        State Bar No. 1076050
        Wisconsin Department of Justice
        Post Office Box 7857
        Madison, Wisconsin 53707-7857
        (608) 266-1221 (Potts)
        (608) 267-2238 (Russomanno)
        (608) 267-2223(Fax)
        pottsac@doj.state.wi.us
        russomannoad@doj.state.wi.us

        Attorneys for Defendants.