# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

---

MICHAEL J. BELLEAU,

    Plaintiff,

v.                                                       Case No. 12-C-1198

EDWARD F. WALL, et. al.,

    Defendants.

---

## STIPULATION AND PROTECTIVE ORDER

---

In order to preserve and maintain the confidentiality of certain documents and information to be produced in this litigation, Michael Belleau ("Plaintiff") and Edward Wall and Denise Symdon ("Defendants"), and their respective counsel, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, have hereby agreed and stipulated as follows:

### DEFINITIONS

1.     Except as otherwise ordered by this Court, this Protective Order shall govern the handling of all confidential and sensitive documents, testimony, interrogatories, correspondence and any other material or information, whether oral or written, produced, disclosed, or filed by any party or non-party in this action and designated as such in accordance with the terms hereof.

2.     As used herein, the following words shall have the following meanings:

        a.     "This action," "this litigation," and "the court action" means the civil action captioned above and pending in this Court.

b. "Party" or "parties" means the plaintiff or one or more of the defendants in this action.

c. "Protected person" means any non-party that furnishes any information to any party in connection with this litigation.

d. "Court" means the District Court for the Eastern District of Wisconsin.

e. "Disclosed" or "furnished" means shown, divulged, revealed, produced, described, transmitted or otherwise communicated, in whole or in part.

f. "Confidential information" means certain sensitive physical or mental health information that may not be relevant to the issues that are being litigated in this case.

g. "The Authorization" means the "Authorization and Informed Consent for Use and Disclosure of Medical Information" signed by Plaintiff.

h. "Outside counsel" means the counsel of record, specifically listed on this Order, other lawyers in their law firms, persons employed by their law firms as well as any lawyer subsequently retained or designated by the counsel of record to appear in this action.

3. All information hereinafter furnished, either voluntarily or pursuant to Court order by or on behalf of any party or protected person to any party in connection with this litigation, whether or not designated as confidential as set forth below, shall be used solely in connection with pretrial proceedings, preparation for trial, or other proceedings in this litigation.

4. All copies or reproductions of confidential information shall be subject to the terms of this Order. If the duplicating process by which copies of confidential materials are made does not reproduce the "CONFIDENTIAL" stamp appearing on the original, all copies shall be stamped with a "CONFIDENTIAL" designation.

## DESIGNATION OF CONFIDENTIAL INFORMATION

5. A party, in complying with informal discovery requests or discovery requests served upon them pursuant to the Federal Rules of Civil Procedure, may designate any information submitted as "confidential," to the extent such materials constitute confidential information as defined in this Stipulation. Such designation shall constitute a representation to the Court that such party (and its counsel, if any) in good faith believes that the information so designated constitutes confidential information.

6. A party or third party may designate information as confidential by placing on or affixing to documents containing such information (in such manner as will not interfere with the legibility thereof) the word "CONFIDENTIAL" together with an indication of the portion or portions of such document considered to be confidential. If the confidential information is furnished via electronic means, any hard copy printouts of such confidential information shall be stamped or imprinted with the same legend. Information that a party or protected person hereafter furnishes to a party in connection with this litigation in a form other than a document, and which the furnishing party or protected person believes to be confidential information, shall be specified by the furnishing party or protected person as confidential in writing at the time it is furnished.

7. Information obtained through the Authorization signed by the Plaintiff shall be designated as confidential by placing on or affixing to documents the word "CONFIDENTIAL." The Plaintiff shall designate portions of the information obtained through the Authorization not later than fourteen (14) days after receipt of the information. Until expiration of the above fourteen (14) days period, all information obtained through the Authorization will be deemed "Confidential Documents" under this Protective Order and information therein will be deemed "Confidential Information" under this Protective Order unless otherwise agreed to in writing by the parties. If the confidential information is furnished via electronic means, any hard copy printouts of such confidential information shall be stamped or imprinted with the same legend.

8. A party may, on the record of a deposition or oral hearing or by written notice to opposing counsel not later than fourteen (14) days after receipt of the transcript of such deposition or oral hearing, designate any portion(s) of the deposition as confidential if the party determines in good faith that the designated portion(s) contain(s) confidential information. Until expiration of the above fourteen (14) days period, all transcripts will be deemed "Confidential Documents" under this Protective Order and information therein will be deemed "Confidential Information" under this Protective Order unless otherwise agreed to in writing by the parties.

9. Nothing shall prevent disclosure of confidential information beyond the terms of this Order if all parties consent to such disclosure, or if the Court, after notice to all affected parties, permits such disclosure.

10. If any party wishes to disclose any confidential information beyond the terms of this order, that party shall provide all other parties with reasonable notice in writing of its requests to

4

disclose the materials. If the parties cannot resolve their disagreement with respect to the disclosure of any confidential information, then a party may petition the Court for a determination of these issues. Such confidential information shall remain confidential as stipulated by this order until the Court rules on the party's specific petition.

## **RESTRICTION ON USE OF CONFIDENTIAL INFORMATION**

11. Counsel for the party receiving the information designated as confidential shall not disclose that information to any person other than the individuals set forth below, as otherwise agreed upon by the parties, or with leave of the Court and may disclose that information only to the individuals set forth below as necessary in connection with pretrial proceedings, preparation for trial, or other proceedings in this litigation. Confidential information protected by this Order shall not be disclosed in any manner, directly or indirectly, to any persons except as follows, provided that any such person agrees to abide by the terms and conditions of this Order:

  a. Persons within the Wisconsin Department of Corrections, the Wisconsin Division of Community Corrections, the Wisconsin Department of Health Services, and the Wisconsin Department of Justice;

  b. Outside counsel;

  c. Qualified court reporters taking testimony involving such information, and necessary stenographic and clerical personnel thereof;

  d. Consultants, licensed investigators, or experts who are retained for the purpose of this litigation by any party;

e. Persons with prior knowledge of the confidential information, and their agents;

f. Persons noticed for depositions; and

g. A named party to this action or person that furnished the information designated as confidential.

12. Each individual described in subparagraphs 11(a), (b), (c), (d), (e), (f), (g), and (h) above, to whom information designated as confidential is disclosed, shall not disclose that information to any other individual, except as provided in the Protective Order implementing this Stipulation, or use it for any purpose other than in connection with this litigation. Specifically, these individuals must agree not to divulge, publish, or reveal by word, conduct, or any other means, any such information to any other person except as authorized by this Protective Order.

13. Should confidential information become the subject matter of a pleading, motion, or other court filing, either party may seek leave, upon further order of the Court and for good cause shown, to file such confidential information under seal. No document or part of a document shall be filed under seal without prior Court approval, and in the event that a document or part of a document is filed under seal, the filing party shall also prepare a public version of the document with the confidential information redacted. A filing party desiring to use the other party's confidential information shall give the other party sufficient time to comply with the Court's motion requirement to file a motion seeking leave to require the confidential information to be filed under seal. If notice to the other side is impractical under the circumstances, the filing party will take reasonable precautions to exclude confidential information or discussion of the particulars of such

material until an order of the Court regarding the filing of the material is issued. Documents shall be filed under normal Court procedures if the confidential information has been redacted or otherwise removed from the document.

## PROCEDURES UPON TERMINATION OF LITIGATION

14. Within sixty (60) days of the final resolution of this litigation (including any appeals), each party shall assemble and, at the election of the party or protected person which furnished information designated as confidential, either destroy or return to the furnishing party or protected person all documents containing that information, including all copies thereof. Counsel for the party receiving the information designated as confidential shall confirm in writing to the party or protected person that furnished that information that such destruction has occurred. Nothing in this Protective Order shall be deemed to require the return or destruction by a party of any document in that party's possession prior to the commencement of this action.

## CHALLENGES TO DESIGNATIONS OF CONFIDENTIALITY

15. Any party may, at any time after attempting to resolve the matter by agreement, apply by motion to the Court for a ruling that certain information designated as confidential is not entitled to confidential treatment under this Order. Any such application must identify with particularity each "Confidential" document being challenged. Any application that is directed at only unidentified groups, boxes, or categories of documents without separately and individually indentifying each and every "Confidential" document that is being challenged is presumptively deficient on its face. The confidential status of the information at issue shall be maintained pending the Court's ruling on the motion.

16. However, the parties shall not be obligated to challenge the propriety of any designation of information as confidential and the failure to do so promptly shall not preclude any subsequent objection to such designation or motion seeking permission to disclose such material to persons not referred to in paragraph 11.

17. The party objecting to the motion to the Court for a ruling that certain information designated as confidential is not entitled to confidential treatment under this Order must file an explanation of its opposition within 72 hours. Failure to do so shall constitute waiver of opposition to the motion.

**PROCEDURE UPON UNAUTHORIZED DISCLOSURE**

18. If confidential information under the terms of this Order is disclosed to any person other than one entitled to disclosure in the manner authorized under the Order, the party responsible for the unauthorized disclosure shall immediately upon learning of such disclosure inform the party or non-party that designated the information as confidential in writing of all pertinent facts relating to such disclosure and shall make every effort to prevent further unauthorized disclosure of the information.

19. Notwithstanding the foregoing, counsel are responsible for employing reasonable measures to control, consistent with the terms of this Order, duplication of, access to and distribution of confidential information under the terms of this Order.

20. The inadvertent disclosure by any party of confidential information shall not be deemed a waiver in whole or in part of that party's or any other party's obligations under this Order.

**OTHER PROCEDURES**

21.    Nothing in this Protective Order shall preclude any party or protected person from asserting the attorney-client or other privilege, or work product protection, as to any information.

22.    Notwithstanding the provisions hereof, each party or protected person is free to disclose information it has designated as confidential and such disclosure shall not be deemed a waiver of the protections hereof, including confidentiality. Moreover, any information, document or thing hereafter produced without its being designated as confidential shall not thereby be deemed a waiver of any claim of confidentiality as to such matter, and the same may thereafter be designated as confidential.

23.    This Protective Order shall be without prejudice to the right of any party to bring before the Court the question of (a) whether any particular information is or is not confidential, or (b) whether any particular information is or is not relevant to any issue in this case, provided that the party has complied with the procedures set forth herein. However, no information designated as confidential pursuant to this Protective Order shall be disclosed except as provided herein unless and until the Court orders the release of such information from the confidentiality provisions of this Protective Order.

24.    The parties hereto reserve all rights to apply to the Court for any order

    a.    Modifying this Protective Order;

    b.    Seeking further protection against discovery or other use of confidential information, or documents, transcripts, or other materials reflecting confidential information; or

9

Case 1:12-cv-01198-WCG   Filed 06/10/14   Page 9 of 10   Document 45

      c.      Seeking further production, discovery, disclosure or use of claimed confidential information, or documents, transcripts, or other material reflecting claimed confidential information.

25. Any protected person having a need for confidentiality not satisfied by provisions of this Protective Order may petition the Court for a separate order governing disclosure of its confidential information.

APPROVED AND SO ORDERED:

This __10th__ day of June 2014.

                                      s/ William C. Griesbach
                                      WILLIAM C. GRIESBACH, CHIEF JUDGE
                                      UNITED STATES DISTRICT COURT